**MOTORLINES, LTD., Owner of the MOTOR VESSEL BAHAMA COUNT, Libelant and Cross-Respondent,**

v.

**UNITED STATES of America, Owner and Operator of the UNITED STATES COAST GUARD CUTTER KAW, Respondent and Cross-Libelant.**

No. 3655.

United States District Court
N. D. Ohio, E. D.
March 21, 1963.

Lee C. Hinslea, McCreary, Hinslea & Ray, Cleveland, Ohio, for libelant.

Merle McCurdy, U. S. Atty., Cleveland, Ohio, Allen Van Emmerik, Dept. of Justice, Washington, D. C., for respondent.

McNAMEE, District Judge.

This action arises out of a collision between the M. V. Bahama Count and the United States Coast Guard Tug KAW. Motorlines, Ltd., the owner of the M. V. Bahama Count, filed a libel against the United States under the Public Vessels Act (46 U.S.C.A. §§ 781–790). Thereafter the United States filed a cross-libel and moved to stay proceedings on the original libel until the cross-respondent posts security for the claims stated in the cross-libel. On September 11th, 1962, this Court granted respondent's motion. At the time this ruling was made the Court did not have before it cross-respondent's brief in opposition to the motion. On September 14th, 1962 cross-respondent's opposing brief was brought to the Court's attention. Thereupon the Court, upon its own motion, entered an order to reconsider the ruling of September 11th, 1962.

Originally the United States sought the stay of proceedings solely under Rule 50 of the Supreme Court's Admiralty Rules. While this Court was reconsidering its original ruling, the Government directed attention to Section 783, Title 46 U.S.C.A. as an additional ground in support of its motion. Both parties have now submitted briefs on both issues raised by the Government's motion.

## DOES RULE 50 APPLY?

Rule 50 reads:

"Whenever a cross-libel is filed upon any counterclaim arising out of the same *contract* or cause of action for which the original libel was filed, *and the respondent or claimant in the original suit shall have given security to respond in damages,* the respondent in the cross-libel shall give security in the usual amount and form to respond in damages *to the claims set forth* in said cross-libel, unless the court, for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security be given *unless the court otherwise directs.*" (Emphasis supplied)

Rule 50 was part of the new Admiralty Rules of 1920 and amended former Rule 53 by the addition of the words underscored above. In Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 631, 44 S.Ct. 220, 68 L.Ed. 480, the Circuit Court of Appeals, proceeding under Section 239 of the judicial code certified to the Supreme Court the question—Whether Rule 50 "empowers the District Court to stay proceedings in the original suit until the original libelant shall have given security to respond to the counterclaim, in a case where the original libel was in personam and the original respondent (the cross-libelant) has given the security voluntarily; that is, of his own motion and without compulsion."

The Supreme Court in a closely reasoned and exhaustive opinion by Mr. Justice Brandeis answered the question in the negative. In the concluding paragraphs of its opinion the court said:

"Neither was Rule 53 in terms limited to suits where the original libelant had made an arrest or attachment. But, although it remained in force, unmodified, for more than half a century, no reported case dis-

closes that a stay was ordered under it, except where the original respondent had been obliged to give security in order to obtain release of the ship or of attached property. Here, as in England, the purpose of the provision was declared to be to place the parties on an equality as regards security. And, under it, security to satisfy the counter claim could not be exacted by means of a stay, unless the original libelant had compelled the giving of such security to satisfy his own claim.

"The new phrases introduced in Rule 50 were not designed to introduce any new practice concerning cross-libels. Their purpose was to formulate the practice which had become settled. This is true of those relating to the giving of security, as it is of those concerning the character of the claims which may be asserted by means of a cross-libel."

In Eastern Transport Co., et al. v. United States, et al., D.C., 98 F.Supp. 36, (1951), the Government filed a cross-libel against the Eastern Transport Company, the barge Marie H. Brown and the tug and a motion to stay proceedings until the libelant shall have pledged proper security on behalf of its barge and tug on the cross-libel brought by the United States. The court noted that vessels of the United States are exempt from arrest or seizure (46 U.S.C.A. § 741) and the United States "shall [not] be required to give any bond or admiralty stipulation on any proceeding brought hereunder." 46 U.S.C.A. § 743. The Government contended in the cited case that since vessels of the United States are exempt from seizure the credit of the United States is substituted for the vessel and that the proceeding ought to be regarded as though "the vessel had, in fact, been seized and claimed by the United States and released on bond." Rejecting this argument, the court said:

"In coming into court to assert a claim by way of a cross-libel, the United States takes the position of a private suitor, and must be treated in the same manner as a private litigant. Since the voluntary giving of security by a private person, who is the respondent in the main libel and libellant in the cross-libel, does not empower the court to stay proceedings in the main action until the original libellant shall have given security in the cross-libel, there is no power in the court to grant a stay under Rule 50 on behalf of the Government here." (p. 38)

In The Winnecone, 1923 A.M.C. 428, a similar motion by the Government for security was overruled. In that case the court denied that the faith of the Government pledged to the payment of any judgment that may be rendered in favor of the libelant brought the matter within the provisions of Rule 50. In Benedict on Admiralty, 6th Ed., Vol. 2, § 331, it is noted:

"that Rule 50 in its present form has no application unless * * * the cross-libelant has given security to respond in damages and has given it under compulsion to obtain the release of a vessel or of property under attachment."

The Government cites and relies upon United States v. Kroger, 1933 A.M.C. 689, (E.D.N.Y.) and Geo. M. Morrell v. The Asquam, et al., 1924 A.M.C. 182 (E.D. N.Y.), as supporting its position. In Morrell it was said:

"I am of the opinion, therefore, that this is a case which warrants the court in exercising its discretion as requested by defendant and requiring security to be given."

Many cases hold that a court has discretion for good cause shown to deny security otherwise called for by the literal wording of Rule 50. But I know of no case except Morrell, supra, that holds it to be within the discretion of the court under Rule 50 to grant security to a cross-libelant who has not been compelled to provide security for the original libelant's claim.

In the reported case of United States v. Kroger, supra, the court refused to

set aside a stay granted under Rule 50 by another judge of the same court at the instance of the Government. The opinion in that case is not enlightening. The writer of the opinion considered that "The order requiring the giving of security is the law of the case" and that he was powerless to intervene.

██ As respondent in the original libel action, the Government pledged the credit of its Treasury to the payment of any judgment that might be rendered against it. However, the Government has not been nor can it be compelled to provide security for the payment of the libelant's claim. Under the provisions of Rule 50, as construed by the better reasoned cases, the Government as cross-libelant cannot compel the cross-respondent to provide security for the Government's claim. Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamship Co., supra; Eastern Transport, et al. v. United States, et al., supra; The Winnecone, supra.

I hold, therefore, that Rule 50 does not apply here.

## DOES SECTION 783 OF TITLE 46 APPLY?

That section provides:

"In the event of the United States filing a libel in rem or in personam in admiralty for damages caused by a privately owned vessel, the owner of such vessel, or his successors in interest, may file a cross libel in personam or claim a set-off or counterclaim against the United States in such suit for and on account of any damages arising out of the same subject matter or cause of action: *Provided,* That whenever a cross libel is filed for any cause of action for which the original libel is filed by authority of sections 781–790 of this title, the respondent in the cross libel shall give security in the usual amount and form to respond to the claim set forth in said cross libel unless the court, for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security shall be given."

██ The Government relies upon that portion of Section 783 following the word "Provided" as requiring the cross-respondent in a cross-libel filed by the Government to provide security for the Government's claim if the cross-libel is based upon any cause of action for which the original libel was filed under Sections 781–790 of Title 46. It is objected that the proviso is logically referable to the preceding part of Section 783 and ought not to be considered independently. It is true that the natural and appropriate office of a proviso is to modify that portion of the statute immediately preceding it. 50 Am.Jur., Sec. 38, p. 459. However, a proviso should be given a broader application when it is clear that the legislature so intended. Ibid. Here the proviso does not serve to qualify the statute. It introduces new matter rather than limiting or explaining that which had gone before. 50 Am.Jur., Sec. 456. In Georgia R.R. & Banking Co. v. Smith, 128 U.S. 174, 9 S.Ct. 47, 32 L.Ed. 377, the Supreme Court had this to say about provisos:

"The general purpose of a proviso, as is well known, is to except the clause covered by it from the general provisions of a statute, or from some provisions of it, or to qualify the operation of the statute in some particular. But it is often used in other senses. It is a common practice in legislative proceedings, on the consideration of bills, for parties desirous of securing amendments to them, to precede their proposed amendments with the term 'provided,' so as to declare that, notwithstanding existing provisions, the one thus expressed is to prevail, thus having no greater signification than would be attached to the conjunction 'but' or 'and' in the same place, and simply serving to separate or distinguish the different paragraphs or sentences. Several illustrations are given by counsel of the use of the term in this sense, showing, in

such cases, where an amendment has been made, though the provision following often has no relation to what precedes it." (p. 181, 9 S.Ct. p. 49)

See also Burlingham v. Crouse, 228 U.S. 459, 33 S.Ct. 564, 57 L.Ed. 920; American Express Co. v. U. S., 212 U.S. 522, 29 S.Ct. 315, 53 L.Ed. 635; 50 Am.Jur. 457, et seq. The proviso in § 783 may, therefore, be considered as an amendment having no relation to the preceding part of the section. As so considered, there is no ambiguity in the proviso. Its meaning is clear. It is applicable in cases where the original libel has been filed under authority of Sections 781–790 of Title 46 and a cross-libel has been filed for a cause of action for which the original libel was filed. Sections 781–790 authorize "suits in admiralty against the United States for damages caused by public vessels or for towage or salvage services." Obviously the cross-libelant in such a suit would be the United States. It was, therefore, the intent of Congress to grant to the United States as the respondent in a libel filed under the above sections the right to demand of the cross-respondent security for the payment of any claim that might be asserted by the Government as cross-libelant. That this is the correct construction of the proviso is confirmed by reference to the history of the legislation. In April of 1924, Harlan Stone, then Attorney General of the United States, wrote the following letter to the Honorable George W. Edmonds, Chairman of the House Committee on Claims:

"Section 3 of the suits in admiralty act allowed the United States to file a cross libel against the original libelant to recover the damages the Government may have sustained. Section 3 of the proposed bill provides for the filing of a cross-libel in instances where an original libel is filed by the United States. *I suggest that this section be amended so as to provide that if the United States files a cross-libel, the libelant in the original action shall be required to furnish security approved by the court to respond for any judgment entered in favor of the United States, such security to be entered within 60 days after order is made under penalty of having original libel dismissed for failure to comply therewith. I understand that this is the practice where private rights are involved, and is covered by Rule 50 of the Supreme Court Rules in Admiralty.*

"I also observe that Section 4 only becomes necessary if the proposed bill should grant relief upon causes of action arising since April 6, 1920. If the relief is limited to causes of action arising from and after the approval of the act this section is unnecessary.

"Section 8 provides for the payment of judgments out of the unappropriated balances in the Treasury. Similar legislation affecting contract matters in the Court of Claims requires appropriations to be made for the payment of judgments.

"I have reviewed the proposed legislation rather fully, as its general subject is a departure from the rule heretofore observed that the Government cannot be held responsible for the torts of its servants and agents. Please let me know if there is anything further I can do for you." (Emphasis supplied.)

It is not open to question that Attorney General Stone was suggesting an amendment that would provide security for the United States that would enable it to collect any judgment rendered in its favor as a cross-libelant in a libel brought under favor of Sections 781–790. This is made doubly clear by the following statements in the debate on the Bill which embodied Attorney General Stone's suggestions:

"MR. BLANTON. That may be true, but it seems to me that this proposed law ought to permit the hearing and determination of the other side of the case and give the Government the right to file a cross action and have a judgment against the one who files the libel, if he has caused the collision, and require the one who files the libel to put up a bond.

\* \* \*

"MR. UNDERHILL. Mr. Speaker, the objection or the suggestion of the gentleman from Texas is embodied in the bill. On page 2, line 18, it approves the act of March 9, 1920, or any amendment thereof. That is an admiralty act, and then again, on page 3, line 6, there is a proviso 'that whenever a cross libel is filed for any cause of action for which the original libel is filed by authority of this act the respondent in the cross libel shall give security in the usual amount and form,' and so forth.

"MR. BLANTON. But in speaking of the respondent in the cross libel it is speaking of some other person than the entity known as the Government of the United States. It does not refer to the Government of the United States having the privilege of filing a cross libel.

"MR. UNDERHILL. Oh, they have that privilege."

The cross-respondent suggests that Section 783 as construed above is in conflict with and would nullify Rule 50. This argument must be rejected. Section 783 applies only in those particular situations described in the proviso where the Government files a cross-libel against the original libelant whose action was brought under favor of Sections 781–790, Chapter 22 of Title 46. Section 783 does not apply in cases where the Government may file a cross-libel under Sections 741–752, Chapter 20 of Title 46. Nor does Section 783 apply in libels between private owners of ships or private persons. In all such cases Rule 50 governs as to a cross-libelant's right to demand security of the original libelant.

It appears from the moving papers that libelant and cross-respondent is a corporation organized and existing under the laws of the Bahamas, without an office or place of business in the United States, and that the libelant and cross-respondent is not believed to own any ships other than the Bahama Count, which calls irregularly if at all at United States ports. The libelant and cross-respondent's only presence in the United States is its appearance in this Court, there being no property belonging to it in the United States subject to execution. It is therefore apparent that if the Government should prevail on its cross-libel it may not be able to collect the judgment in its favor unless security is provided by the cross-respondent. On the other hand, if the libelant prevails, it will have little difficulty in recovering on its judgment. It is inconceivable that the United States would fail to pay such a judgment.

Upon reconsideration and for the reasons stated above, the Government's Motion to Stay Proceedings until cross-respondent provides security for the Government's claim is granted upon the authority of Section 783, Title 46.

As above stated, it is held that under the facts of this case Rule 50 does not apply.

An order may be entered in accordance with the above.